AGNES EDWARDS, EX'X, *v.* WILLIAM S. EDWARDS, ET AL.

**Decedent's Estates—Diligence of Executor.**

An executor is not held to the exercise of more than ordinary diligence in securing the debts due the testator, and diligence does not require him to sue upon claims at the first term of court after he qualifies.

**Liability of Executor for Failing to Collect.**

If there is unreasonable delay by an executor in attempting to make a collection, and by reason of such delay the estate lost by it an executor is liable.

APPEAL FROM GREEN CIRCUIT COURT.

April 4, 1876.

OPINION BY JUDGE PRYOR:

It is evident from the proof in the cause that the money for which the notes of J. C. Edwards were executed constituted a part of the fund received from Underwood; and the executor having charged himself with the whole of that fund, it would have been erroneous to have added to it the amount of the notes, as insisted should have been done by the appellees. The only question of importance presented in the case is as to the liability of the executor for failing to institute an action upon these notes at the first term of the court held after the notes came into his possession. There can be no doubt. but that he had ample time to have brought his action and recovered a judgment, and if he is held to the same degree of diligence that is. required of an assignee of a note, the liability exists.

The embarrassed condition of the obligor was known to the executor and also to the mother at the time the money, or part of it, was loaned; and for this reason the executor seems to have feared that such steps on his part as the attempt to coerce the money by suit would result in the institution of actions against the debtor by his other creditors, and lessen the chances for making the debts due the estate. His brother had promised him to discharge the notes so soon as the result of a mule adventure was made known, and relying upon this as one of the modes of recovering his debts, he thought best not to sue. An executor is not held to the exercise of anything more than ordinary diligence in securing the debts due to the testator, such diligence as an ordinarily prudent man would use with reference to his own affairs.

This sort of diligence, we think, has been shown in this case. It

was only seven months from the time the appellant qualified as executor until the debtor made an assignment of his property for the benefit of all of his creditors. He was insolvent at the time the executor qualified, and the latter holding debts of his own against his brother, and the other creditors who are presumed to have exercised some diligence in the collection of their own debts, failed to institute any legal proceedings to make their money. It is no lack of diligence in failing to sue upon claims held by him as such at the first court succeeding his qualification. A state of case might exist where the representative was in the possession of such facts that one of ordinary caution would know the debt would be lost unless some step was taken to secure it. A failure then to take the proper steps to make the debt would render him liable. The executor might have obtained a lien by issuing an execution on a judgment obtained at the first term of the court in the present case; but this degree of diligence is not required of him unless he is in the possession of facts showing that his debts would be lost unless such a remedy is pursued.

The fact of his brother being insolvent was no reason why he should have made the effort to be in advance of other creditors. In the exercise of his judgment he thought he could best secure the debt by looking to the promises of his brother. Nor has the estate been damaged by this action on the part of the executor. The debtor was as much indebted when the executor qualified as when he made the assignment; and not only so, but the character and value of his estate had not been changed. The fact that the wife of the debtor had a part of the land conveyed to her in lieu of her contingent right of dower, did not affect the rights of creditors so far as appears from the record; but for the relinquishment, the estate would have sold for less and thus reduced the amount to which the creditors were entitled. An unreasonable delay in the attempt to coerce a debt by an executor by reason of which the estate lost it, would make the executor liable; but in this case we see nothing in the cause presented by the executor showing a disregard of the interests of the estate, or that might not have been adopted by a prudent man in the conduct of his own business.

The expenditure of the seventy-one dollars was made at the instance of the mother, and should have been charged to the estate. It was also error on the part of the court below, when directing a distribution of the estate according to the provisions of the will, to leave the question undetermined as to what the rights of the devices were, namely the amount due from the executor, if anything,

to each of the devisees so as the devisee so entitled might have his execution. This, of course, applies only to those of the devisees who are asking a judgment or distribution. The executor should not have been charged with the notes on J. C. Edwards, or having been charged with them in his original inventory, should have been credited by them. He is only liable so far as these notes are concerned for what he collected on them. This is the only error we perceive in the record except the failure to ascertain what each devisee was entitled to, and how much had been paid them, etc. Judgment *reversed* and same remanded for a judgment consistent with this opinion.

*Affirmed* on cross-appeal.

*W. H. Chelf, A. J. James, for appellant.*
*Towles & Hudson, Alexander & Dickinson, for appellees.*